IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

CHARLES G. SERINI, JR.,            )
                                    )
           Plaintiff,               )
     v.                             )
                                    )   No. 2:16-04230-CV-RK
CAROLYN COLVIN, Acting              )
Commissioner of Social Security[1], )
                                    )
           Defendant.               )

## ORDER

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner") denying disability benefits. The decision of the Commissioner is **affirmed in part** and **reversed in part**.

### Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the Administrative Law Judge's ("ALJ") findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, however for consistency purposes, the case style in this legal action remains as originally filed.

heavily to the findings and conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined the Plaintiff suffered from the following severe impairments: degenerative disc disease, degenerative joint disease of the knees and shoulders, coronary artery disease, hypertension, and obesity. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that, despite his limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following limitations: Plaintiff requires a sit/stand option allowing Plaintiff to sit or stand alternatively at will provided he is not off-task by more than 10% of the workday; Plaintiff can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; Plaintiff can occasionally stoop, kneel, crouch, crawl, and reach overhead bilaterally; Plaintiff is limited to simple work, defined in Dictionary of Occupational Titles ("DOT") as specific vocational preparation levels one and two, with routine and repetitive tasks. Although the ALJ found Plaintiff to be unable to perform any past relevant work, considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform.

On appeal, Plaintiff's strongest argument in support of reversing the ALJ's conclusion is whether a conflict exists between the vocational expert ("VE")'s testimony and the ALJ's RFC determination that Plaintiff could perform other work existing in significant numbers in the national economy.

The ALJ's RFC determination limited Plaintiff to occasional overhead reaching. The ALJ relayed these limitations to the VE, and the VE determined Plaintiff could maintain employment as a garment sorter DOT #222.687-014, folding machine operator DOT #208.685-014, and a lens matcher DOT #713.687-030. The jobs the VE provided required "frequent overall reaching" as described in the DOT. Therefore, a conflict appears to exist between the ALJ's RFC determination and the jobs the VE opined Plaintiff could perform. *See Moore v. Colvin,* 769 F.3d 987, 989-90 (8th Cir. 2014) (when there is an "apparent unresolved conflict" between the VE and the DOT, the ALJ must "elicit a reasonable explanation for the conflict" and

"resolve the conflict by determining if the explanation given [by the expert] provides a basis for relying on the [VE] testimony rather than on the DOT information"). The Court notes that, based on the job descriptions of the jobs provided by the VE in the DOT, someone who can only reach overhead occasionally may be capable of maintaining employment in a position where there is frequent overall reaching; however, this conflict should be explained in the record on remand by the VE.

## Conclusion

Having carefully reviewed this record before the Court and the parties' submissions on appeal, the Court **AFFIRMS in part** and **REVERSES in part** the Commissioner's decision. Accordingly, this matter is remanded for the ALJ to address and resolve the conflict between the ALJ's RFC determination and the VE's testimony.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark  
ROSEANN A. KETCHMARK, JUDGE  
UNITED STATES DISTRICT COURT

DATED: November 7, 2017